## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

BANK OF AMERICA, N.A., successor by     :
merge to LASALLE BANK, NATIONAL     :
ASSOCIATION,     :

         Plaintiff,               :

      v.                          :

CORPOREX COMPANIES, LLC,     :
WILLIAM P. BUTLER and THOMAS E.     :
BANTA,     :

         Defendants.      :

Misc. No. _____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS SERVED ON CROWE HORWATH, LLC

### I. INTRODUCTION

Plaintiff Bank of America, N.A., successor by merger to LaSalle Bank, National Association ("BOA") brings this motion to compel third party Crowe Horwath, LLC ("Crowe") to comply with a subpoena properly served by BOA. BOA seeks documents relating to its claims against Defendants Corporex Companies, LLC, William P. Butler and Thomas E. Banta (collectively, the "Defendants") in the action *Bank of America, N.A., successor by merger to Lasalle Bank, National Association v. Corporex Companies, William P. Butler and Thomas E. Banta,* Civil Action No. 2:14-cv-00165-ART-JGW pending in the United States District Court for the Eastern District of Kentucky. However, Crowe has refused to provide BOA with any of the relevant and appropriate documents sought. BOA respectfully requests that this Court grant BOA's motion to compel, and put an end to Crowe's intentional obstruction of discovery.

## II. RELEVANT FACTUAL BACKGROUND

### A. The Underlying Lawsuit

The underlying lawsuit involves claims for successor liability and breach of fiduciary duty brought by Plaintiff BOA against the Defendants in the United States District Court for the Eastern District of Kentucky captioned at *Bank of America, N.A., successor by merger to Lasalle Bank, National Association v. Corporex Companies, William P. Butler and Thomas E. Banta,* Civil Action No. 2:14-cv-00165-ART-JGW (the "Kentucky Federal Action"). *See* Amended Complaint filed in the Kentucky Federal Action attached hereto as Exhibit A.

In 2010 and 2011, Corporex Realty & Investment LLC ("Corporex Realty") defaulted on a series of loans with BOA resulting in BOA commencing foreclosure and money judgment actions against Corporex Realty and related entities. In the Kentucky Federal Action, BOA alleges that Defendants (who consist of the parent company, principal owner and manager of Corporex Realty) directly or indirectly, transferred the significant bulk of Corporex Realty's assets to Defendant Corporate Companies, LLC ("Corporate Companies"). As a result, BOA alleges in the Kentucky Federal Action that that Corporex Companies is the legal successor to Corporex Realty and that Defendants Butler and Banta breached their fiduciary duties in, among other things, causing the looting of Corporex Realty in order to thwart BOA's collection efforts.

By Memorandum Opinion and Order dated April 15, 2015, Judge Amul R. Tharpar of the United States District Court for the Eastern District of Kentucky, denied Defendants' motion to dismiss and ruled that BOA stated claims for successor liability and breach of fiduciary duty. *See* April 15, 2015 Memorandum Opinion and Order attached hereto as Exhibit B.

2

To that end, BOA has subpoenaed third party Crowe in connection with BOA's claims. Crowe is the primary accounting firm to Corporex Companies and Corporex Realty and, upon information and belief, reviews and audits their financial statements annually.

The fact discovery deadline in the Kentucky Federal Action is December 2, 2015 and is rapidly approaching. *See* May 8, 2015 Order attached hereto as Exhibit C.

**B. The Subpoena Directed to Crowe**

On August 21, 2015, BOA issued a Subpoena to Produce Documents in a Civil Action (the "Subpoena") in this matter to third party Crowe, pursuant to Rule 45 of the Federal Rules of Civil Procedure. A true and correct copy of the Subpoena is attached as Exhibit D. The Subpoena was served on Crowe's Cleveland office on August 26, 2015. A true and correct copy of the Subpoena Proof of Service is attached as Exhibit E. The Subpoena requested that Crowe produce the requested documents to a location within the City of Cleveland. *See* Exhibit D.

In order to determine (i) the details of the hundreds of millions of dollars in asset transfers from Corporex Realty to Corporex Companies; and (ii) the financial condition of Corporex Companies and Corporex Realty before and after the transfers, BOA issued the Subpoena. *See* Exhibit D.

On September 8, 2015, Crowe served a formal response and objections to the Subpoena and failed to produce any of the requested documents (the "Objection Letter"). A true and correct copy of the Objection Letter is attached hereto as Exhibit F. Crowe's responses to the Subpoena are a veritable everything-but-the-kitchen-sink laundry list of objections including: (1) the Subpoena was not properly served; (2) the Subpoena does not provide sufficient time for compliance; (3) the Subpoena is overly broad; (4) the Subpoena did not include a "check

trending payment" to Crowe;[1] (5) some of the documents sought by the Subpoena may be privileged; (6) the Subpoena seeks trade secret or confidential commercial information; (7) the Subpoena required Crowe to search for "inaccessible electronically stored information;" and (8) the documents sought by the Subpoena seeks information that can be obtained from other sources. *See* Exhibit F. As discussed in greater detail below, none of Crowe's objections have merit. Regardless, in an effort to address Crowe's objections, on September 9, 2015 counsel for BOA, Peter Russ, and Assistant General Counsel of Crowe, John J. Barber ("Mr. Barber"), had a telephone call to discuss the Subpoena and Crowe's Objection Letter. In follow up to that call, the next day counsel for BOA, Erin Hamilton ("Ms. Hamilton"), left Mr. Barber a voicemail and sent Mr. Barber an email agreeing to limit the scope of the documents requested pursuant to the Subpoena in several significant ways, including (1) removing the request for documents related to the 401Ks for the various companies; and (2) limiting electronic mail discovery for the time being to non-archived and currently available emails. Ms. Hamilton also forwarded Kentucky legal authority demonstrating that the documents sought are not privileged. *See* 9/10-24/2015 email chain attached hereto as Exhibit G. Crowe and/or Mr. Barber never responded to the September 10, 2015 email.

On September 24, 2015, Ms. Hamilton left Mr. Barber a voicemail and sent him an email to follow up on the 9/10/2015 email. Crowe and/or Mr. Barber never responded and have not produced any documents to date. *See* Exhibit G. It is clear Crowe is purposefully stonewalling BOA in its efforts to obtain discovery in this case.

Crowe's objections lack merit and BOA has no choice but to seek this Court's assistance by filing this Motion to Enforce.

---

[1] There is no obligation to provide a check for payment with a subpoena for documents like the Subpoena which is the subject of this Motion. Rather, payment for fees and mileage is required to be tendered with a subpoena for attendance which is not applicable in this case. *See* Fed. R. Civ. P. 45(b)(1).

### III. STANDARD OF REVIEW

Under Fed. R. Civ. Pro. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." It is well recognized that the federal rules allow broad and liberal discovery. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998) ("The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.") District courts in interpreting Rule 26(b) must be mindful that relevance is a broader inquiry at the discovery stage than at trial. *Id.* at 402 ("The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.")

Rule 45 authorizes a party to seek discovery from third parties by subpoena. Pursuant to Fed. R. Civ. P. 45(a)(1)(D), a party can command the production of documents,  electronically stored information and tangible things and require the responding party to permit such inspection or copying. Should a subpoenaed party fail to produce the requested documents, Rule 45(d)(2)(B)(i) authorizes the requesting party to move the Court where compliance is sought an order compelling the requested production.

Given the rapidly approaching December 2, 2015 fact-discovery deadline under which the parties in this matter are operating, BOA has no choice but to ask that this Court enforce the Subpoena and compel Crowe to produce documents.

### IV. LAW AND ANALYSIS

A.      **The Subpoena Was Properly Served**

Crowe's "service" argument is frivolous. Crowe has over two dozen offices in over a dozen states. BOA cannot be expected to know precisely where Crowe stores its documents or houses its servers. Rule 45 permits a subpoena to command the production of documents anywhere where a party "regularly transacts business." Fed. R. Civ. P. 45(c)(2)(A). Crowe maintains an office in Cleveland, Ohio and regularly transacts business there. The Subpoena requests compliance at a location within 100 miles of that office in conformance with Fed. R. Civ. P. 45(c)(2)(A).[2]

The Subpoena was properly served on Crowe's Cleveland office[3] by service on its office manager Christine Green on August 26, 2015. *See* Exhibit E.  Crowe complains in its Objection Letter than the Subpoena was not served on its registered agent. Although not necessary,[4] BOA served a substantially duplicate subpoena seeking the same exact documents on Crowe's registered agent in Delaware to moot Crowe's service objection. *See* Exhibit H. Simply put, service is proper.

### B.    The Subpoena Provided Sufficient Time for Compliance

The Subpoena was issued on August 21, 2015 and served on August 26, 2015. It required compliance on September 8, 2015. This is sufficient time for compliance. Regardless, counsel for BOA was clearly willing to work with Crowe in extending the deadline for compliance as evidence by the communications between the parties after the compliance deadline. As such, any continued complaint about time for compliance by Crowe would be disingenuous. Additionally,

---

[2] The place of compliance set forth in the Subpoena is actually less than a mile from Crowe's Cleveland office.
[3] Crowe's Cleveland office is closest Crowe office to BOA's counsel and is located in a District Court where undersigned counsel is admitted to practice.
[4] Fed. R. Civ. P. 45 does not require that service of a subpoena upon a corporation be done personally and to an authorized agent or officer. *See Allied World Assur. Co. (U.S.), Inc. v. Lincoln General Ins. Co.,* 280 F.R.D. 197 (M.D. Pa. 2012).

Crowe has now had the Subpoena in its possession for almost two months and therefore any time compliance objection is now moot.

### C.    The Subpoena is Not Overbroad

The document requests contained in the Subpoena are tailored to a specific time frame and request relevant documents related to BOA's claim in the Kentucky Federal Action that Corporex Realty and Defendants transferred Corporex Realty's assets to Corporate Companies. Specifically, the Subpoena requests documents from Crowe relating to financial audits performed on Corporex Realty and Corporex Companies by Crowe and documents related to the transfer of assets between Corporex Realty and Corporex Companies in Crowe's possession.

Despite the tailored nature of the documents sought in the Subpoena, Crowe's Objection Letter claimed the Subpoena is overly broad and specifically complained that it required Crowe to search for "inaccessible electronically stored information." In an effort to accommodate Crowe's objection as to the Subpoena's scope, BOA agreed to limit the scope of the requested documents pursuant to the Subpoena in several significant ways, including (1) removing the request for documents related to the 401Ks for the various companies; and (2) limiting electronic mail discovery to non-archived and currently available emails. *See* Exhibit G. Crowe never responded to BOA's offer to limit the scope of production and has refused to produce any documents to date.

### D.    The Documents Sought in the Subpoena are Not Privileged

Crowe divulges in its Objection Letter that the relevant work was "mainly" performed in its Kentucky Offices. *See* Exhibit F. Under Kentucky law, the accountant-client privilege does not extend to an accountant's "obligation to comply with a validly issued subpoena..." *See* KRS §325.440. See also *Phillips, C.P.A. v. Commonwealth of Kentucky*, 324 S.W.3d 741 (Ky. Ct.

7

App. 2010) (accountant has no standing to assert accountant-client privilege on behalf of his clients).

Furthermore, Crowe did not provide a privilege log with its objections to the Subpoena. The Rules of Civil Procedure are clear in requiring an objection based on privilege to be accompanied by a privilege log. The Advisory Committee notes to Fed. R. Civ. P. 45 governing third party subpoenas indicate that the Rule was intended to track the language and substance of Fed. R. Civ. P. 26 governing discovery. *Great Lakes Transp. Holding, LLC v. Yellow Cab Serv. Corp. of Florida, Inc.*, No. 11-50655, 2011 WL 2533653, at *1 (E.D. Mich. June 27, 2011) Under Fed. R. Civ. P. 26, a party challenging the production of discovery material on privilege grounds must "expressly make the claim; and . . . describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *Id. citing* Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). Since Crowe has never provided a privilege log, it is impossible to assess that veracity of any claim of privilege. Furthermore, Crowe has refused to produce even non-privileged documents in response to the Subpoena.

### E.   Even If Some of the Requested Documents Could Be Obtained From Other Sources, This Does Not Bar the Request of Those Documents Through a Third Party Subpoena

In the Objection Letter, Crowe states, "many of the requests seek information that you can – and likely already have – obtained from other sources, including parties to this litigation." *See* Ex. F. First of all, Crowe's internal records and work papers are not duplicative of documents maintained by any other party. Regardless, Crowe's "duplication" objection is not a basis to avoid a subpoena. Contrary to Crowe's assertion, "there is no general rule that plaintiffs

cannot seek nonparty discovery of documents likely to be in defendants' possession." *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C 08-80129 SI, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008).  One court explained:

> [I]n appropriate circumstances, production from a third party will be compelled in the face of an argument that the "same" documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions.

*Id.* (quoting *Visto Corp. v. Smartner Info. Sys., Ltd.*, Nos. 06-80339 MISC RMW (RS), 06-80352 MISC RMW (RS), 2007 WL 218771, at *3 (N.D. Cal. Jan. 29, 2007)).   Another court recognized:

> In many cases, it is important to obtain what should be the same documents from two different sources because tell-tale differences may appear between them; and in many cases when a party obtains what should be the same set of documents from two different sources a critical fact in the litigation turns out to be that one set omitted a document that was in the other set.

*Coffeyville Resources Refining & Marketing LLC v. Liberty Surplus Ins. Corp.*, No. 4:08MC00017 JLH, 2008 WL 4853620, at *5 (E.D. Ark. Nov. 6, 2008)

In *In re Honeywell International, Inc. Securities Litigation*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003), the subpoenaed third party objected to producing certain documents requested by plaintiff, because everything in the requested file had already been given by the third party to the defendant.  Nevertheless, the court ordered the third party to produce the documents, even though they were equally available from the defendant.  In ordering the production, the court reasoned that (1) the documents in the non-party's possession "may differ slightly from [the defendant's] copies," (2) the non-party's copies "could include handwritten notes" not present on the defendant's copies, and (3) "the fact that [the non-party] has copies of documents can itself

9

be relevant." *Id.* Crowe has no basis to avoid complying with the Subpoena on the basis that documents requested by the Subpoena may be available from other sources. BOA has every right to seek production from Crowe even if it parts of such production are duplicative of documents in Defendants' possession.

## V. CONCLUSION

Based on the foregoing, BOA requests that this Court overrule Crowe's objections to the Subpoena and compel Crowe to provide full and complete responses to the subpoena and produce the requested document immediately.

Dated: October 21, 2015

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: _____

Timothy P. Palmer
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219
412-562-8800 (phone)
412-562-1041 (fax)
timothy.palmer@bipc.com
Ohio ID # 00 86166

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served as

noted below upon the following on this 21st day of October, 2015:

Earl K. Messer, Esq.
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
messer@taftlaw.com
(via email)

Robert B. Craig, Esq.
Taft Stettinius & Hollister LLP
Covington, KY  41011
craigr@taftlaw.com
(via email)

John J. Barber, Esq.
Crowe Horwath LLP
One Mid America Plaza, Suite 700
PO Box 3697
Oak Brook, Illinois 60522-3697
Jack.Barber@CroweHorwath.com
(via first class, U.S. mail, postage prepaid
and email)